IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BRANDON BRUNETTI                                                                                       PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 2:12CV00176-JMV

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                   DEFENDANT

**FINAL JUDGMENT**

  Following oral argument during a telephonic hearing held before the undersigned United States Magistrate Judge on April 4, 2013, the court determined that the ALJ's decision is not supported by substantial evidence. Specifically, in a Judgment dated October 28, 2010, U.S. Magistrate Judge David Sanders remanded this case to the Commissioner with instructions to 1) assign the case to a new ALJ and 2) recontact the claimant's treating sources, Dr. Tejinder Saini and Kerri McNatt, and have them clarify their opinions that the claimant was disabled. Though on remand the case was assigned to a new ALJ, Judge Lisa Johnson, the court has determined that the ALJ did not obtain adequate clarification of said treating source opinions that the claimant was disabled during the relevant time period, January 2, 2004 through June 26, 2009. Furthermore, the court finds that certain ambiguities exist in the medical evidence obtained from Dr. Michael Whelan. Accordingly, on remand, a new ALJ[1] shall conduct proceedings consistent with the following instructions:

  1. The ALJ shall recontact Dr. Tejinder Saini and Ms. McNatt specifically to obtain an explanation of why their treatment notes for the relevant period (Jan. 2004 - June 2009) indicate that claimant's mental status exams were largely within normal limits, that he had no significant functional complaints and was "generally stable," and that he was assessed with a GAF as high as 61 while, on the other hand, their Medical Assessment of Ability forms dated July and September 2007 show extreme deficits in mental functioning. Additionally, the ALJ shall have Dr. Saini and Ms. McNatt explain to

---

[1] During the hearing, the undersigned was informed by counsel for the claimant that Judge Lisa Johnson is no longer in the district. Accordingly, consistent with Judge Sanders' prior order, yet a new ALJ shall consider this case on remand.

what extent the nature of claimant's mental impairments–during the relevant period–affected his ability to function independently, including, but not limited to, his ability to comply with required medications. Lastly, the ALJ shall have said treating sources indicate to what degree the claimant's prescribed medications were expected to interfere with his ability to perform work activity during the relevant period.

2. The ALJ shall recontact Dr. Michael Whelan to obtain an explanation regarding his finding that the claimant had a "poor ability" to accept supervision (Tr. 436). Specifically, Dr. Whelan shall be asked to explain to what degree the claimant was able to accept any supervision and give examples. Dr. Whelan shall also be asked to explain his finding that the claimant had "a very low tolerance for stress and probably [would] decompensate quickly in certain circumstances" (Tr. 434). Lastly, the ALJ shall ask Dr. Whelan to consider and explain to what extent the claimant's prescribed medications during the relevant period were expected to interfere with his ability to perform work activity.

3. Should the ALJ be unable to obtain the foregoing clarification from the claimant's treating sources *and* Dr. Whelan after diligent effort, the ALJ shall obtain testimony from a medical expert which addresses the aforementioned inconsistencies and ambiguities in the medical evidence as well as expresses an opinion on the claimant's ability to perform work activity during the relevant period in light of all the medical evidence in the record, including consideration of expected side effects of prescribed medications.

4. The ALJ shall obtain supplemental vocational expert testimony on the issue of whether there was any work the claimant could perform during the relevant period considering his RFC and other relevant vocational factors.

The parties, having consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit,

**IT IS, THEREFORE, ORDERED AND ADJUDGED:**

That this case is hereby **REMANDED** to the Commissioner for further proceedings as set out above.

**THIS**, 4th day of April, 2013.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE